UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| DAVID DELL, | : Case No. 2:23-cv-3167 |
| Plaintiff, | : |
| vs. | : Judge James L. Graham |
| | : Magistrate Judge Karen L. Litkovitz |
| ANNETTE CHAMBERS SMITH, et al., | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Noble Correctional Institution ("NCI"), proceeding pro se, initiated this action by filing a document captioned as "ORIGINAL ACTION for Damages, Declaratory Relief, and Injunctive Relief under 42 U.S.C. § 1983, 42 U.S.C. § 1985, 28 U.S.C. § 2201 and 2202, 28 USC § 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure," and titled "Motion for Emergency Preliminary Injunction." (Doc. 1).[1] After a Notice of Deficiency was issued by the Court (*see* Doc. 2), plaintiff filed a motion for leave to proceed *in forma pauperis*, a complaint, and a "Motion for an Order Certifying this Action as a Class Action, Defining the Class, and Appointing Counsel." (*See* Doc. 2, 3, 4).

By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to

---

[1] Although plaintiff alleges that defendants contracted to deprive him of his tablet/property in the initial document filed in this case, plaintiff indicates that he did not intend for the document to serve as a complaint, explaining that the factual allegations supporting his claims would "more fully appear in the Complaint." (Doc. 1 at PageID 2).

state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## Screening of Plaintiff's Complaint

### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)($^2$) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

---

$^2$ Formerly 28 U.S.C. § 1915(d).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however,

has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**B. Allegations in the Complaint**

Plaintiff brings suit against defendants Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Corrections (ODRC), in her individual and official capacities, as well as GTL/ViaPath, and JPay/Securus Technologies, alleging that defendants have conspired and colluded to deprive plaintiff of personal property in violation of his constitutional rights. Specifically, plaintiff alleges that defendants violated his rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, the First and Fifth Amendments, and the Interstate Commerce Clause. (*See* Doc. 3-3, Complaint at PageID 27–28, 32-33).

The factual allegations concern the ODRC's transition from the use of JPay tablets to GTL/ViaPath tablets. Plaintiff alleges that in 2013 defendant Chambers-Smith or her predecessor initially entered into a contract with defendant JPay to "provide prisoners with the electronic capabilities of communicating with their families by email; sending/receiving pictures and video grams; perform video visits; and to purchase videogames . . .; music . . .; books . . .; as well as news feeds, movies, and educational programs[.]" (*Id.* at PageID 28–29). If prisoners desired to do more than send emails, pictures, and video grams, prisoners were required to obtain approval from the ODRC to purchase a JPay tablet via JPay/Securus. (*Id.* at PageID 29). According to plaintiff, the cost of a JPay tablet ranged from $75.00 up to $140.00. (*Id.* at PageID 29).

In 2017, plaintiff alleges that Chambers-Smith or her predecessor contracted with GTL/ViaPath to supply phone tablets to prisoners, which would enable prisoners to make calls

from their cells as opposed to wall phones.  At that time, plaintiff claims that ODRC policy allowed prisoners to possess both a "JP Player with a previously authorized MP3 player," and to possess both a JPay tablet and a GTL/ViaPath tablet.  (*Id.*).

However, in what plaintiff alleges was an attempt to "get rid of JPay," Chambers-Smith renegotiated the contract with GTL/ViaPath in 2020 to provide an updated GTL/ViaPath tablet enabling prisoners to make calls, send text messages, and access digital content "without having to access the JPay kiosks."  (*Id.*).  According to plaintiff, Chambers-Smith and the ODRC knew in 2020 that all JPay tablets purchased by prisoners would be confiscated if the GTL/ViaPath contract was successful, but upgraded JPay tablets were offered to prisoners anyway.  (*Id.* at PageID 30).

Plaintiff alleges that the new GTL/ViaPath tablets were distributed to NCI inmates on November 1, 2022.  (*Id.* at PageID 29).  Although prisoners were previously told that they would be permitted to keep their JPay tablets, Chambers-Smith distributed a notice to all prisoners, informing them the JPay tablets would be phased out on July 10, 2023.  Prisoners were presented with the choice to "send their legally purchased JPay tablets home by postage prepaid, or turn them into ODRC staff by October 1, 2023."  (*Id.* at PageID 29).  Plaintiff and other prisoners were further informed that after October 1, 2023, the JPay tablets "will be considered contraband and confiscated with simultaneous disciplinary action."  (*Id.*).  Prisoners were told they would be paid $10.00 for turning in their JPay tablet to ODRC staff in July of 2023, or $5.00 in the month of August 2023, and would receive free video games for a year or a $2.99 credit if they had already purchased a game package.  (*Id.* at PageID 29-30, 46).  Although plaintiff claims inmates have spent over one-thousand dollars on video games, plaintiff alleges that prisoners have yet to be compensated for their tablets or video games.  (*Id.* at PageID 30).

5

Plaintiff seeks declaratory and injunctive relief, as well as monetary damages. (*Id.*).

**C. Analysis.**

The complaint is subject to dismissal at the screening stage. *See* 28 U.S.C. § 1915(e)(2)(B).

As an initial matter, the complaint should be limited to alleged violations of plaintiff's own rights. Plaintiff has filed a motion seeking class certification. (Doc. 4). However, "Federal Rule of Civil Procedure 23(a)(4) generally does not permit pro se plaintiffs without legal training to serve as class representatives." *Sanders v. Macauley*, No. 22-1502, 2022 WL 16729580, at *5 (6th Cir. Aug. 10, 2022) (citing *Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (holding that pro se litigants are "inadequate class representatives")). *Cf. Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008). In this case, plaintiff has failed to demonstrate that he would be an adequate class representative. *See Sanders*, 2022 WL 16729580, at *5 (finding that where the plaintiff "offered no basis from the general rule that pro se plaintiffs are not adequate class representatives, the district court did not abuse its discretion by denying class certification"). *See also White v. Kasich,* No. 2:12-cv-1125, 2013 WL 941440, at *10 (S.D. Ohio Mar. 8, 2013) (Deavers, M.J.) (Report & Recommendation) (explaining that the reason pro se prisoners are generally prohibited from bringing class actions is because they are unable to "adequately to represent the interests of the class"), *adopted,* 2013 WL 1281887 (S.D. Ohio Mar. 27, 2013) (Smith, J.); *Brown v. Collins,* No. 2:07-cv-826, 2008 WL 818793, at *2 (S.D. Ohio Mar. 24, 2008) (Kemp, M.J.; Frost, J.) (citing *Palasty v. Hawk,* 15 F. App'x 197, 200 (6th Cir. 2001)) (same); *Marcum v. Jones,* No. 1:06-cv-108, 2006 WL 543714, at *1 (S.D. Ohio Mar. 3, 2006) (Dlott, J.) (and cases cited therein) (holding that the pro se inmate "may bring his own claims to federal court without counsel, but not the claims of others"). Therefore

the complaint should be limited to alleged violations of plaintiffs' own federal rights. *Cf. Dodson,* 304 F. App'x at 438. *See also Bradbury v. ODRC*, Case No. 2:23-cv-2355, 2023 WL 6997143, at *1 (Morrison, J.; Deavers, M.J.) (S.D. Ohio Oct. 24, 2023) (finding that the plaintiff "cannot bring class action litigation *pro se*" in a case with similar factual allegations). Accordingly, plaintiff's motion for class certification should be denied and the complaint limited to alleged violations of plaintiff's own rights.[3]

To the extent that plaintiff brings this action under 42 U.S.C. § 1985, his allegations are insufficient to state an actionable claim. To plead a cause of action under § 1985, plaintiff must allege that the defendants conspired together for the purpose of depriving plaintiff of the equal protection of the laws; that the defendants committed an act in furtherance of the conspiracy that caused injury to plaintiff; and that the conspiracy was motivated by a racial, or other class-based, discriminatory animus. *See Bruggeman v. Paxton,* 15 F. App'x 202, 205 (6th Cir. 2001); *see also Vakilian v. Shaw,* 335 F.3d 509, 518 (6th Cir. 2003) (and cases cited therein). "The complaint thus must 'allege both a conspiracy and some class-based discriminatory animus behind the conspirators' action.'" *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 367-68 (6th Cir. 2012) (quoting *Newell v. Brown,* 981 F.2d 880, 886 (6th Cir. 1992), in turn quoting *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971)). In addition, conspiracy claims must be pled with specificity; "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Id.* at 368 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39

---

[3] Plaintiff's motion also includes a request for the appointment of counsel, which should also be denied. The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case.

(6th Cir. 1987)).  Here, plaintiff has not pleaded that any of the defendants were motivated by a racial or class-based discriminatory animus.  Moreover, plaintiff's allegations are insufficient to support any inference that the defendants were involved in a conspiracy, or in other words, that the defendants "shared a common discriminatory objective." *See id.* (citing *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996)).  In the absence of any factual allegations to support his vague and conclusory conspiracy claim, plaintiff fails to state a claim upon which relief may be granted under § 1985.

To the extent that plaintiff alleges that the deprivation of his private property amounted to a violation of his federal due process rights under 42 U.S.C. § 1983, this claim should also be dismissed.  In order to state a claim based on the loss of property, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517 (1984).  "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004).  Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066).  A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate.  Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claims.  *See Fox*

*v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). *See, e.g.*, *Bradbury v. ODRC*, Case No. 2:23-cv-2355, 2023 WL 6997143, at *1 (Morrison, J.; Deavers, M.J.) (S.D. Ohio Oct. 24, 2023) (dismissing due process claim where JPay tablets were confiscated where plaintiff failed to allege that Ohio's post-deprivation tort remedies are inadequate). Therefore, plaintiff fails to state a due process claim that is actionable in this § 1983 proceeding.[4]

Plaintiff's claim that the tablet phase-out violated the Takings Clause of the Fifth Amendment should also be dismissed. The Takings Clause, which is applicable to the states through the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." U.S. Const. Amend. V. *See Brown v. Legal Found. of Washington*, 538 U.S. 216, 231-32 (2003) ("While it confirms the State's authority to confiscate private property, the text of the Fifth Amendment imposes two conditions on the exercise of such authority: the taking must be for a 'public use' and 'just compensation' must be paid to the owner."). In this case, plaintiff has not made any allegation plausibly suggesting that his property was taken for a public use. To the contrary, plaintiff alleges that the JPay tablets were to be traded in or sent home due to a change in ODRC policy and service/media provider. Absent any allegation plausibly suggesting plaintiff's property was taken for a public use, plaintiff's Fifth Amendment takings claim should be dismissed. *See, e.g.*, *Neives v. Allison*, Case

---

[4] Plaintiff has also failed to state a claim upon which relief may be granted to the extent that he claims that defendants violated ODRC policy in failing to allow prisoner to retain both JPay and ViaPath tablets. (*See* Doc. 3-3, Complaint at PageID 29). An alleged failure to comply with an administrative rule or prison policy does not itself give rise to a § 1983 claim. *See Hursey v. Anderson*, No. 16-1146, 2017 WL 3528206, at *2 (6th Cir. Mar. 31, 2017) ("claims related to violations of prison policies do not state a constitutional violation").

The complaint also includes allegations that the tablet policies were not grievable. (Doc. 3-3, Complaint at PageID 30). However, to the extent that he may allege that defendants interfered with the exhaustion of his claims, plaintiff fails to state a claim upon which relief may be granted. While the Prison Litigation Reform Act's exhaustion requirement is "mandatory," with steps to exhaustion defined by the prison's grievance process, *Jones v. Bock*, 549 U.S. 199, 211 (2007), an inmate need only exhaust "available" remedies under the statute, not unavailable ones, *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). *See also Paolone v. Altiere*, No. 4:12CV1344, 2012 WL 5463871, at *3 (N.D. Ohio Nov. 8, 2012) ("A corrections officer therefore cannot prevent an inmate from proceeding to court by refusing to accept a grievance or an appeal.").

9

No. 1:22-cv-1020, 2023 WL 5956981, at *3 (E.D. Cal. Sept. 13, 2023) (finding that plaintiff's allegation of a takings clause violation for confiscation of JPay tablets insufficient to state a claim for relief where the plaintiff did not allege the deprivation was for public use) (Report and Recommendation) (pending); *Peterka v. Dixon*, No. 4:21-cv-367, 2023 WL 3402613, at *6 (N.D. Fla. Mar. 17, 2023) (finding that a shared profit between the Florida Department of Corrections and JPay itself to be insufficient to show a taking for public use) (Report and Recommendation), *adopted*, 2023 WL 3124718 (N.D. Fla. Apr. 27, 2023).

Plaintiff's conclusory allegations are also insufficient to state a claim for relief under the Equal Protection Clause. (*See* Doc. 3-3, Complaint at PageID 27, 28). "The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). To state a claim for discrimination under the equal protection clause, plaintiff must allege sufficient facts to show that a state actor intentionally discriminated against him because of his membership in a protected class. *Simpson v. Ameji*, 57 F. App'x 238, 239 (6th Cir. 2003) (citing *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990)). Plaintiff has failed to allege any facts whatsoever showing that defendants treated plaintiff differently or denied him any rights because of his membership in a protected class. Nor has plaintiff alleged any facts that permit an inference that defendants acted with animus or ill will. Finally, plaintiff has not alleged any facts that show he was treated differently than any other person under similar circumstances. To the contrary, the complaint and attachments indicate that the JPay tablet

10

phase-out applied uniformly to all ODRC prisoners. For these reasons, plaintiff has failed to state a claim for a violation of his equal protection rights under the Fourteenth Amendment.

Plaintiff has also failed to state an actionable First Amendment claim. (*See* Doc. 3-3, Complaint at PageID 32). To the extent that plaintiff alleges that he is being denied protected free speech, an exhibit attached to the complaint indicates that "[a]ll content (EXCEPT for games) will transfer from JPay to ViaPath[.]" (Doc. 3-3, Complaint at PageID 48). Additionally, even assuming that video games are protected by the First Amendment, *see Brown v. Entertainment Merchants Ass'n,* 564 U.S. 786, 790 (2011), plaintiff does not allege that he is prohibited from playing video games on the new device. *Cf. Printup v. IDOC*, No. 222CV00235, 2023 WL 2093733, at *2 (S.D. Ind. Jan. 26, 2023) (finding that requirement that inmates pay for replacement tablet did not violate First Amendment). Indeed, the exhibits attached to the complaint indicate that inmates would receive "FREE ViaPath games for a Year" as part of the JPay tablet phase-out. (*See* Doc. 3-3, Complaint at PageID 46, 48). Plaintiff essentially alleges that defendants are depriving him of previously purchased video games—a claim that sounds in Fourteenth Amendment due process. However, as discussed above, plaintiff has failed to state a due process claim in connection with the deprivation of his property.

Finally, plaintiff's claims brought under 28 U.S.C. §§ 2201, 2202, 2283, and 2284, as well as the Interstate Commerce Clause, should also be dismissed. 28 U.S.C. §§ 2201 and 2202 do not provide plaintiff with a private cause of action.[5] 28 U.S.C. §§ 2283 and 2284 do not

---

[5] The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, does not confer an individual cause of action and instead "is an 'enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant' to have a case heard in federal court." *Childress v. Skaggs*, No. 1:13-CV-115-M, 2013 WL 6633959, at *3 n.3 (W.D. Ky. Dec. 17, 2013) (quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995) (quoting *Pub. Serv. Comm'n v. Wycoff Co.,* 344 U.S. 237, 241 (1952))). As such, no cause of action exists under 2201 or 2202.

apply to the case at hand.[6] Finally, plaintiff has failed to allege any facts to plausibly suggest a violation of the Interstate Commerce Clause (*see* Doc. 3-3, Complaint at PageID 32), which provides the United States Congress with the power "[t]o regulate commerce with foreign Nations, and among the several States, and with the Indian Tribes." Art. 1, Sect. 8, Clause 3 of the U.S. Constitution. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Accordingly, in sum, the complaint should be dismissed for failure to state a claim upon which relief may be granted.

### D. Preliminary Injunction Motion

Plaintiff has also filed a motion for a preliminary injunction. (Doc. 1). Plaintiff asks the Court "to force the Defendants to Cease and Desist all actions whereby they are attempting to confiscate and/or force prisoners to send home personal property (JPay tablets)." (*Id.* at PageID 1).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

---

[6] Section 2284 does not confer plaintiff with a private right of action as it simply allows the district court to convene a three-judge panel to consider the constitutionality of apportionment of congressional districts or statewide legislative bodies. *See* 28 U.S.C. § 2284. This statue is not relevant to any of the plaintiff's allegations.

Section 2283, referred to as "The Anti-Injunction Act," is a "general statute, limiting the power of federal courts to issue injunctions." *N. L. R. B. v. Nash-Finch Co.*, 404 U.S. 138, 146 (1971). It provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Here, in the absence of a State court proceeding, Section 2283 does not apply.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)). In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction in this case. For the reasons underlying the recommendation that plaintiff's complaint be dismissed, plaintiff

has failed to demonstrate a strong likelihood of success on the merits. Further, a preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction—to preserve the status quo until a trial on the merits can be held, *see Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991)—would not be served. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; he seeks an Order from this Court requiring the correction of deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id*.

Plaintiff's motion for a preliminary injunction (Doc. 1) should be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. Plaintiff's pending motion for class certification and the appointment of counsel (Doc. 4) be **DENIED.**

3. Plaintiff's request for a preliminary injunction (*see* Doc. 1) be **DENIED.**

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

December 18, 2023

Karen L. Litkovitz
UNITED STATES MAGISTRATE JUDGE